UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. Dr. PATRICIA A. KELLY, et al., : : : | |
| Plaintiffs, : : | No. 15 Civ. 7261 (PGG) |
| -against- : : | |
| CITY MEDICAL ASSOCIATES, P.C., ASIM HAMEEDI and ABSAR HAARIS, : : : | |
| Defendants. : : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| UNITED STATES OF AMERICA, : : | |
| Plaintiff-Intervenor, : : | No. 15 Civ. 7261 (PGG) |
| -against- : : | |
| CITY MEDICAL ASSOCIATES, P.C., DR. ASIM HAMEEDI, DR. ABSAR HAARIS, FAWAD HAMEEDI, ARIF HAMEEDI, and DR. EMAD SOLIMAN, : : : : : | |
| Defendant. : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## THE GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR A STAY OF PROCEEDINGS

JOON H. KIM
Acting United States Attorney for the
Southern District of New York
Attorney for the United States
    of America

ELISHA J. KOBRE
Assistant United States Attorney
    - *Of Counsel* -

## PRELIMINARY STATEMENT

The United States of America, by and through the Acting United States Attorney for the Southern District of New York ("the Government"), respectfully submits this memorandum in support of its motion to stay civil proceedings in the above-captioned case, *United States ex rel. Dr. Patricia A. Kelly v. City Medical Associates P.C. et al.*, 15 Civ. 7261 (PGG) (the "Civil Action"), including Rule 26(a)(1) and other discovery, until the completion of the trial or other disposition in the parallel criminal case, *United States* v. *Asim Hameedi*, *et al.* 17 Cr. 137 (JGK) (the "Criminal Case").

The Criminal Case arises from the same set of facts and circumstances that underlies the Civil Action.   Courts in this district frequently stay civil proceedings when there is a parallel criminal prosecution.

All parties to the Civil Case consent to the Government's motion for a stay of the Civil Action.   In particular, City Medical Associates, P.C. ("City Medical"), Asim Hameedi, Absar Haaris, Fawad Hameedi, Arif Hameedi, and Emad Soliman – all of the defendants in this action – consent to the Government's motion for a stay of the Civil Action.   Similarly, the Plaintiff-Relator also consents to the Government's motion to stay the Civil Action.

## BACKGROUND

On or about March 1, 2017, an indictment, 17 Cr. 137 (JGK) (the "Indictment") was unsealed charging, among others, Asim Hameedi, Fawad Hameedi, Arif Hameedi, and Emad Soliman with a massive health care fraud scheme centered at City Medical Associates, P.C., a cardiology and neurology clinic located in Bayside, New York.   (A copy of the Indictment is attached hereto as Exhibit A.)   That same day, the Court unsealed a civil complaint filed, on or about September 15, 2015 in this action, by the Plaintiff-Relator, and the Government filed notice of its decision to intervene in this Civil Action and filed a Complaint-In-Intervention.   On

March 6, 2017, the Government filed an Amended Complaint-In-Intervention (the "Amended Complaint").

As alleged in the Indictment and the Amended Complaint, from at least in or about 2003 up to and including in or about November 2015, Asim Hameedi, Fawad Hameedi, Arif Hameedi, and Emad Soliman and others participated in a massive scheme to defraud Medicaid, Medicare, and managed care companies (the "Government Payors") out of tens of millions of dollars.[1]

The scheme alleged in the Indictment and the Amended Complaint had multiple parts. These include, among other things: making false representations to the Government Payors about the medical condition of patients in order to obtain preauthorization for medical tests and procedures; submitting false claims to the Government Payors for tests and procedures that were not performed and/or medically unnecessary tests, as well as drug items not used or provided; and paying exorbitant health care kickbacks in exchange for lucrative referrals from local primary care medical offices.[2]

As further alleged in the Indictment and the Amended Complaint, in furtherance of the scheme, and to hide from the Government Payors the huge volume of claims, including fraudulent claims, being submitted by City Medical, the defendants submitted claims to the Government Payors falsely representing that medical tests had been ordered or performed by doctors who did not work at the City Medical and had not ordered or performed the tests.   These doctors include defendant Emad Soliman, who agreed to allow City Medical to submit false

[1] The Indictment alleges that this scheme defrauded private insurers as well.

[2] In addition, and among other things, the Indictment alleges that Asim Hameedi and Fawad Hameedi accessed electronic health records of patients at a hospital located on Long Island, New York in order to identify patients to be recruited to City Medical, which is identified in the Indictment as the Clinic.

claims to the Government Payors in his name, as well as two other doctors not named in the Indictment.

## ARGUMENT

This Court should grant this unopposed application for a stay of the Civil Action for several reasons. First, permitting discovery in the Civil Action could circumvent the constraints imposed on discovery in criminal cases. Second, there is no prejudice to the parties to the Civil Action that would arise from staying the action; in fact, all of the defendants and Plaintiff-Relator consent to the stay. Third, staying the Civil Action pending the conclusion of the Criminal Case would likely be more efficient and preserves the Court's resources because many of the issues presented by the Civil Action will likely be resolved in the Criminal Case.

### I.   A Stay of the Civil Action is Warranted

This Court has the inherent power to stay a civil proceeding in the interests of justice pending the completion of the parallel criminal trial. *Kashi* v. *Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986) ("[A] court may decide in its discretion to stay civil proceedings . . . when the interests of justice seem . . . to require such action.") (internal citations and quotations omitted). When considering whether to grant a stay, courts balance the following factors:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interest of the court; and (6) the public interest.

*SEC* v. *Treadway*, No. 04 Civ. 3464(VM)(JCF), 2005 WL 713826, at *2-*3 (S.D.N.Y. March 30, 2005) (quoting *In re Worldcom, Inc. Secur. Litig.*, Nos. 02 Civ. 3288, 02 Civ. 4816, 2002 WL 31729501, at *4 (S.D.N.Y. Dec. 5, 2002))); *see also Volmar Distrib., Inc.* v. *New York Post*

*Co., Inc.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993) (listing similar factors). "Balancing these factors is a case-by-case determination." *Volmar Distrib*, 152 F.R.D. at 39. An analysis of these factors in this case weighs in favor of granting the stay sought by the Government.

### A.    <u>The Extent of Overlap</u>

The identity of issues underlying the cases weighs heavily in favor of a stay. "The most important factor at the threshold is the degree to which the civil issues overlap with the criminal issues." *Volmar Distrib.,* 152 F.R.D. at 39 (*citing* Judge Milton Pollack, *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 203 (S.D.N.Y. 1989)); *see also Parker* v. *Dawson*, No. 06 Civ. 6191 (JFB), 2007 WL 2462677 (Aug. 27, 2007 E.D.N.Y.) at *4 (same); *United States* v. *One 1964 Cadillac Coupe DeVille*, 41 F.R.D. 352, 353 (S.D.N.Y. 1966) ("Where both civil and criminal proceedings arise out of the same or related transactions the government is ordinarily entitled to a stay of all discovery in the civil case until disposition of the criminal matter.").

Here, this Civil Action concerns, in large part, the same the same healthcare fraud scheme alleged in the Indictment, including billing for nuclear stress tests that were never performed; falsifying the results of nuclear stress tests in order to justify, and bill the Government Payors for, invasive cardiac catheterizations; performing and billing the Government Payors for medically unnecessary neurological tests; paying cash kickbacks to primary care providers in order to induce them to refer patients to City Medical; and billing the Government Payors for purported medical services through false representations that such services had been ordered or performed by doctors who did not work at the City Medical and had not ordered or performed the tests. In short, the cases involve much the same facts and issues.

### B.    <u>The Status of the Criminal Case</u>

The return of an indictment in the criminal case is also a factor that weighs in favor of a

4

stay. "Courts generally decline to stay civil proceedings when a related criminal matter is still in the investigatory stage." *Treadway*, 2005 WL 713826 at *3. On the other hand, "[t]he weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment." *In re Par Pharm, Inc. Sec. Litig.*, 133 F.R.D. 12, 13 (S.D.N.Y. 1990). As the Court explained in *Trustees of Plumbers and Pipefitters Nat'l Pension Fund, et al.* v. *Transworld Mechanical, Inc.*:

> A stay of a civil case is most appropriate when a party to the civil case has already been indicted for the same conduct for two reasons: first, the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued, and second, the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved.

886 F. Supp. 1134, 1139 (S.D.N.Y. 1995).

All of the defendants (except for City Medical, the corporate entity owned by Asim Hameedi) have been indicted.   Thus, this factor also militates in favor of a stay.

### C.     The Potential Prejudice to the Parties

There is very little, if any, prejudice to the parties that would result from the stay sought by the Government.   Defendants in parallel criminal cases typically have an interest in not being deposed because if they assert their Fifth Amendment privilege, an adverse inference may be drawn against them in the civil case. *See Baxter* v. *Palmigiano*, 425 U.S. 308, 318 (1976) (noting that Fifth Amendment does not forbid adverse inferences against parties to civil actions). But as one district court recently noted, "[t]he specter of parties and witnesses invoking their Fifth Amendment rights would render discovery largely one-sided; the SEC would produce scores of documents and witness testimony only to be precluded from gathering reciprocal discovery from the defendants." *SEC* v. *Nicholas*, 569 F.Supp. 2d. 1065, 1070 (C.D.Cal. 2008); *see also SEC* v. *Saad*, 229 F.R.D. 90, 91 (S.D.N.Y. 2006) (JSR) (noting that in a prior civil case,

*SEC* v. *The Oakford Corporation*, 181 F.R.D. 269 (S.D.N.Y. 1998) (JSR), Judge Rakoff had stayed deposition discovery because there was a high likelihood that invocations of the Fifth Amendment privilege would "play havoc with the orderly conduct" of the depositions, but Judge Rakoff allowed depositions to proceed in *Saad* because none of the defendants was going to invoke the Fifth Amendment privilege). As a result, in this instance, granting a stay of the civil cases to permit the criminal case to proceed to its conclusion would actually benefit the defendants, since granting a stay of this civil case against would for now obviate forcing the defendants to choose between being prejudiced in the civil cases by the assertion of their Fifth Amendment rights or being prejudiced in the criminal case if they waives those rights.

D.   **The Public Interest**

The Government and the public have an important interest in insuring that civil discovery is not used to circumvent the restrictions that pertain to criminal discovery. Rule 16 of the Federal Rules of Criminal Procedure expressly limits the documents that are subject to discovery in a criminal case and further states that it does not "authorize the discovery . . . of statements made by government witnesses or prospective government witnesses except as provided in 18 U.S.C. § 3500." Fed. R. Crim. P. 16(a)(2). Title 18, United States Code, Section 3500 provides that in criminal cases, the statements of Government witnesses shall not be "the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." The public policy against premature disclosure of the Government's criminal case is so strong that courts are without power to order early production of witness statements. *See United States* v. *Taylor*, 802 F.2d 1108, 1117-18 (9th Cir. 1986). Moreover, except under "exceptional circumstances" and pursuant to court order, the criminal rules do not provide for depositions as a means of discovery. *See In re Ahead By A Length, Inc.*, 78 B.R. 708, 711

(S.D.N.Y. 1987); Fed. R. Crim. P. 15.

Courts repeatedly have recognized that a civil litigant should not be allowed to use civil discovery to avoid the restrictions that would otherwise pertain in criminal discovery to a criminal defendant. *See SEC* v. *Beacon Hill Asset Management LLC*, No. 02 Civ. 8855 (LAK), 2003 WL 554618, at *1 (S.D.N.Y. Feb. 27, 2003) (in context of request for civil stay of discovery due to pending criminal investigation, "[t]he principal concern with respect to prejudicing the government's criminal investigation is that its targets might abuse civil discovery to circumvent limitations on discovery in criminal cases"); *Phillip Morris Inc.* v. *Heinrich*, No. 95 Civ. 328 (LMM), 1996 WL 363156, at *19 (S.D.N.Y. June 28, 1996) (without a stay, defendants "may have an opportunity to gain evidence to which they are not entitled under criminal discovery rules"); *Governor of the Fed'l Reserve System* v. *Pharaon*, 140 F.R.D. 634, 639 (S.D.N.Y. 1991) ("A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal trial") (quoting *Campbell* v. *Eastland*, 307 F.2d 478, 487 (5th Cir. 1952)); *In re Ivan F. Boesky Securities Litig.*, 128 F.R.D. 47, 49 (S.D.N.Y. 1989) ("the public interest in the criminal case is entitled to precedence over the civil litigant").

###    E.    The Interests of the Courts

Considerations of judicial economy also weigh in favor of granting a stay. The resolution of the criminal case against the defendants will likely simplify the civil action. *Nat'l Union Fire Ins. Co. v. Sun*, 1997 U.S. App. LEXIS 6174, at *4 (2d Cir. 1997) ("It is well established that a criminal conviction may act to collaterally estop a litigant from challenging in a subsequent civil action issues decided in that prosecution") (citing *Maietta v. Artuz*, 84 F.3d 100, 103 n.1 (2d Cir.

7

1996)).   *Cf. SEC* v. *Contorinis*, 2012 WL 512626 (S.D.N.Y. Feb. 3, 2012) ("Courts in this district have consistently found that a defendant convicted of securities fraud in a criminal proceeding is collaterally estopped from relitigating the underlying facts in a subsequent civil proceeding."); *Twenty First Century Corp.* v. *LaBianca*, 801 F. Supp. 1007 (recognizing judicial economy as a factor to be considered); *Brock* v. *Tolkow*, 109 F.R.D. 116, 120 (E.D.N.Y. 1985) (noting that resolution of the criminal case "might reduce scope of discovery in the civil case and otherwise simplify the issues").

**CONCLUSION**

In light of the strong public interest in preventing the civil discovery rules from being subverted into a device for improperly obtaining discovery in criminal cases; the lack of any opposition to the motion by the parties, reflecting the lack of prejudice to the parties; the fact that no trial date in the Civil Action has been set; the likelihood that resolution of the Criminal Case will resolve issues in the Civil Action, and to assure that the Government's ability to prosecute the criminal case against the defendants is not undermined, the Government respectfully submits that the stay requested by the Government—to which the defendants and the Plaintiff-Relator consent—should be granted.

Dated:   New York, New York
         July 10, 2017

                                  Respectfully submitted,

                                  JOON H. KIM
                                  Acting United States Attorney

                          By:    _/s/ Elisha J. Kobre_____
                                  Elisha J. Kobre
                                  Assistant United States Attorney
                                  United States Attorney's Office
                                  One Saint Andrew's Plaza
                                  New York, New York 10007
                                  Tel.: (212) 637-2599

To:
      Edward Scarvalone, Esq.              Henry Edward Mazurek, esq.
      Jonathan Allen Willens, Esq.         Clayman & Rosenberg, LLP
      Willens & Scarvalone LLP             305 Madison Ave., Suite 1301
      40 Wall Street, Suite 4100           New York, NY 10165
      New York, NY 10005                   Phone: (212)-922-1080
      Phone: 646-200-6334                  Fax: (212)-949-8255
      Fax: 800-879-7938                    *Attorney for Defendants*
      *Attorneys for Plaintiff-Relator*        *Asim Hameedi and*
           *Dr. Patricia Kelly*                *City Medical Associates, P.C.*

9

Michael Tremonte, esq.
Sher Tremonte LLP
80 Broad Street, Suite 1301
New York, NY 10004
Phone: (212)-202-2603
Fax: (212)-202-4156
*Attorney for Defendant*
    *Absar Haaris*

James Kousouros, Esq.
Law Offices of James Kousouros
260 Madison Avenue, 22 Fl
New York, NY 10016
Phone: (212) 532-1934
Fax: (212)-532-1939
*Attorney for Defendant*
    *Fawad Hameedi*

Michael Eran Talassazan, Esq.
Gentile & Associates
233 Fifth Avenue, Floor 4
New York, NY 10001
Phone: (212) 689-6009
*Attorney for Defendant*
    *Arif Hameedi*

Andrew C. Quinn, Esq.
The Quinn Law Firm, PLLC
399 Knollwood Road, Suite 220
White Plains, NY 10603
Phone: 914-997-0555
Fax: 914-997-0550
*Attorney for Defendant*
    *Emad Soliman*